# IN THE SUPREME COURT OF THE STATE OF NEVADA



FILED

DEC 09 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

IN THE MATTER OF THE DISCIPLINE OF ROBERT C. GRAHAM, BAR NO. 4618.

No. 71849

## *ORDER GRANTING PETITION, SUSPENDING ATTORNEY, AND RESTRICTING HANDLING OF CLIENT FUNDS*

This is a petition by the State Bar for an order temporarily suspending attorney Robert C. Graham from the practice of law, pending the resolution of formal disciplinary proceedings against him. The petition and supporting documentation demonstrate that Graham appears to have misappropriated client funds entrusted to him and abandoned his practice without complying with SCR 115.

SCR 102(4)(b) provides, in pertinent part:

> On the petition of bar counsel, supported by an affidavit alleging facts personally known to the affiant, which shows that an attorney appears to be posing a substantial threat of serious harm to the public, the supreme court may order, with notice as the court may prescribe, the attorney's immediate temporary suspension or may impose other conditions upon the attorney's practice.

In addition, SCR 102(4)(c) provides that we may place restrictions on an attorney's handling of funds.

We conclude that the documentation before us demonstrates that Graham poses a substantial threat of serious harm to the public, and that his immediate temporary suspension is warranted under SCR

16-38280

102(4)(b). We further conclude that Graham's handling of funds should be restricted.[1]

Accordingly, attorney Robert C. Graham is temporarily suspended from the practice of law, pending the resolution of formal disciplinary proceedings against him. Graham is precluded from soliciting or accepting new clients and from continuing to represent existing clients upon service of this order. *See* SCR 102(4)(d) (allowing attorney to represent clients for 15 days after service of the order "unless the court orders otherwise"). In addition, pursuant to SCR 102(4)(b) and (c), we impose the following conditions on Graham's handling of funds:

1. All proceeds from Graham's practice of law and all fees and other funds received from or on behalf of his clients shall, from the date of service of this order, be deposited into a trust account from which no withdrawals may be made by Graham except upon written approval of bar counsel; and

2. Graham and anyone else with access to the accounts, *see* NRCP 65(d), are prohibited from withdrawing any funds from any and all accounts in any way relating to his law practice, including but not limited to his general and trust accounts, except upon written approval of bar counsel.[2]

---

[1]Our decision is based solely on the petition and supporting documents as provided by SCR 102(4)(b). Graham "may request dissolution or amendment" of this order by complying with SCR 102(4)(e).

[2]This restriction includes, but is not limited to, the accounts held at City National Bank, Nevada State Bank, JP Morgan Chase, Utah Community Credit Union, Cetra Advisors, TINC Wealth Advisors, Pershing Advisor Solutions, LLC, and WBI Wealth Management that

*continued on next page . . .*

The State Bar shall immediately serve Graham with a copy of this order. Such service may be accomplished by personal service, certified mail, delivery to a person of suitable age at Graham's place of employment or residence, or by publication. When served on either Graham or a depository in which he maintains an account, this order shall constitute an injunction against withdrawal of the proceeds except in accordance with the terms of this order. *See* SCR 102(4)(c). Graham shall comply with the provisions of SCR 115. The State Bar shall comply with SCR 121.1.[3]

It is so ORDERED.[4]



_____ C.J.
Parraguirre

_____ , J.      _____ , J.
Hardesty                              Douglas

_____ , J.      _____ , J.
Cherry                                Gibbons

_____ , J.
Pickering

---

. . . *continued*

relate in any way to Graham's law practice or that hold funds belonging to his clients.

[3]Because we grant the petition, this matter is no longer confidential. SCR 121(5).

[4]The Honorable Lidia S. Stiglich, Justice, did not participate in the decision of this matter. This is our final disposition of this matter. Any new proceedings shall be docketed under a new docket number.

cc: Chair, Southern Nevada Disciplinary Board
Robert C. Graham
Lawyers West, Inc.
P. Sterling Kerr
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A